UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **VILLMON BOTLEY, JR.** | **CIVIL ACTION NO. 2:12-cv-1789** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE TRIMBLE** |
| **RICHARD EDWARDS, JR., ET AL** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed *in forma pauperis* on June 27, 2012, by *pro se* plaintiff Villmon Botley, Jr. At the time plaintiff filed this matter he was housed at the Jefferson Davis Parish Jail (JDPJ) in Jennings, Louisiana. On September 26, 2012, plaintiff was transferred to Jefferson County Jail (JCJ) in Beaumont, Texas. Doc. 8. On December 10, 2012, plaintiff advised the court that he was residing in Elton, Louisiana.[1] Doc. 10. In a document filed on April 8, 2013, plaintiff stated that he was residing in Austin, Texas. Doc. 12.

Plaintiff names the following as defendants in this matter: Jefferson Davis Parish Sheriff Richard Edwards, Jr.; Jennings City Police Officers Terrie J. Guillory, John Kurtz, and Donald Conner; District Attorney Michael C. Cassidy; Assistant District Attorney Kevin D. Millican; Judge Steve Gunnell; Court Appointed Attorneys Joslyn Renee Alex and Rick Oustalet; Jefferson Davis Parish Jail Warden Derrick W. Haught; and, Jefferson Davis Parish Jail Assistant Wardens Ryan Gary and Lance Clement.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For

---

[1] Plaintiff states that he was released by defendant Gunnell on September 17, 2012. Doc. 9, p. 10.

the following reasons it is recommended that the complaint be **SERVED IN PART,**[2] **AND DISMISSED, IN PART, WITH PREJUDICE.**

*Background*

In his original complaint plaintiff states he was arrested by defendant Kurtz on May 31, 2011. He claims that Kurtz used racial slurs and excessive force during the arrest and injured his elbow and shoulder. He states that defendant Guillory arrived on the scene and told him that he was being held, not arrested, for questioning in regard to a domestic dispute. Plaintiff claims that Guillory made false statements in reports and an affidavit concerning plaintiff's criminal case. Plaintiff further alleges that his attorney, the district attorney, and Judge Gunnell deliberately withheld evidence.

Plaintiff complains that after being booked into JDPJ, Warden Haught refused to provide medical care for the injuries he sustained during the arrest. He also claims that he had to sleep on a concrete floor for two months which aggravated his injuries.

Plaintiff states that on July 19, 2011, defendants Gary and Clement retaliated against him for reporting the conditions of the JDPJ to authorities. He claims that Gary and Clement further retaliated against him in August 2011 by tasering him, spraying mace on him, and placing him in lockdown to deter him from taking further legal action.

While in lockdown, plaintiff claims that he was served insufficient amounts of food and was denied access to writing materials and stamps which hindered his filing a lawsuit. He further claims that JDPJ is segregated by race and by the "likes and dislikes of the warden." In addition, he alleges that he was denied recreation and lost his vision because of dimly lit cells.

---

[2] Via a separate Memorandum Order, the undersigned is ordering the service of plaintiff's excessive force claims against defendant John Kurtz.

He also states that a doctor at the jail prescribed medication for him without a medical examination.

Plaintiff also complains that there are no disciplinary rules and procedures at JDPJ and the grievance procedures are ignored.

Plaintiff filed an amended complaint [doc. 9] on October 26, 2012. His amended complaint somewhat expands on the allegations made in his original complaint and sets forth additional claims. In his amended complaint, plaintiff contends that his May 31, 2011, arrest was based on charges that did not have any corroborating physical evidence. He claims the criminal charges against him constituted malicious prosecution and a violation of due process.

Plaintiff further states that his vehicle and personal property were searched and seized without a warrant and were later disposed of without due process. He again complains about his medical treatment at JDPJ and claims that he got a staph infection in his head for which he did not receive medical attention. Finally, he states that after the defendants learned he was taking legal action they retaliated against him by blocking his phone calls and tampering with or withholding his mail.

Plaintiff's original and amended complaints were insufficient in several aspects. Thus, on March 8, 2013, this court issued a memorandum order [doc. 11] instructing plaintiff to amend his complaint.[3] The memorandum order advised plaintiff that District Attorneys Michael Cassidy and Kevin Millican had absolute immunity from suit in regard to his claims. Plaintiff was also advised that his claims against Judge Gunnell were likewise barred by immunity. Plaintiff was further advised that his court appointed attorneys (Joslyn Renee Alex and Rick Oustalet) did not

---

[3] Plaintiff filed an amended complaint on April 8, 2013. Doc. 12.

act under color of state law in representing him in his criminal case. Thus, his complaints against those defendants lacked an arguable basis in law and would be subject to dismissal.

In addition to the above, plaintiff was advised that his claims for excessive force, denial of medical care and access court, along with other conditions of confinement claims were insufficient.

Plaintiff's second amended complaint did little to cure the majority of the deficiencies noted above. However, he did attach documentation showing that the State's motions to *Nolle Prosequi* all charges against him were granted on March 6, 2013. Docs. 12-1, pp. 10 & 12.

In his previous complaints, plaintiff asked for a change of venue or a recusal of the judge and district attorney, a preliminary examination, a speedy trial, and compensatory and punitive damages. Considering that plaintiff has been released from custody, his remaining remedies, if any, are solely for damages.

*Law and Analysis*

### I.    Screening

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must

accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

## II.   42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

### a.   Improper Defendants

#### 1.   District Attorneys/Prosecutor

Plaintiff's claims against District Attorney Michael Cassidy and Assistant District Attorney Kevin Millican are recommended for dismissal as such individuals enjoy an absolute immunity from suit. "Absolute immunity applies to activities, not offices." *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 272 (5th Cir. 2000). Prosecutors enjoy absolute immunity for activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). The prosecutor is immune from civil suit "in initiating a prosecution and in presenting the State's case." *Id.* "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he

has acted in the clear absence of all jurisdiction." *Kerr v. Lyford*, 171 F.3d 330, 337 (5th Cir. 1999) (internal quotation and citation omitted).

Plaintiff's claims against the district attorneys appear to revolve around the prosecution of the claims against plaintiff which conduct is precisely the type of action protected by the absolute immunity afforded prosecutors. See *Imbler*, at 431. Hence, his claims must be dismissed.

    *2. Judge Steve Gunnell*

Plaintiff's claims against Judge Gunnell are likewise barred by immunity.

Judges have absolute immunity for judicial acts, even those done maliciously or corruptly, unless the act is in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Fifth Circuit has delineated three elements to determine if the acts are judicial in nature: the acts were "(1) normal judicial functions that (2) occurred in the judge's court or chambers, and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir. 1986). These factors are construed broadly in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985).

Even liberally construing the allegations in plaintiff's complaints fail to demonstrate that any of the judge's actions occurred outside of his chambers or the court, or that the actions did not arise out of the performance of his judicial duties. Thus, according to the law cited above, the judge's actions were within his jurisdiction and he enjoys absolute immunity from plaintiff's claims. Plaintiff's claim for damages against Judge Gunnell must be dismissed pursuant to the provisions of 28 U.S.C. §§1915(e)(2)(B)(iii) and 1915A(b)(2).

### 3. *Plaintiff's Attorneys*

Plaintiff names his court appointed attorneys, Joslyn Renee Alex and Rick Oustalet as defendants.

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right committed by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Attorneys do not act under color of state law when they perform a lawyer's traditional function as defense counsel in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *See also Mills v. Criminal District Court #3*, 837 F.2d 677, 679(5th Cir. 1988) citing, *Nelson v. Stratton*, 469 F.2d 1155(5th Cir. 1972).

For these reasons plaintiff's complaints against these defendants lack an arguable basis in law and should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i).

### 4. *Defendants Richard Edwards, Jr., and Derrick W. Haught*

Furthermore, insofar as the plaintiff names any of the defendants in supervisory capacities, it is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation. *Id.*

The statements in plaintiff's complaints as to any breach of supervisory responsibilities of Warden Derrick W. Haught or Sheriff Richard Edwards, Jr., are not enough to satisfy the above standard and his claims against these defendants should be dismissed.

### b. Racial Discrimination

With regard to plaintiff's claim based on racial discrimination, the Equal Protection Clause of the Fourteenth Amendment essentially requires that all persons similarly situated be treated alike. See *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996). In order to successfully plead an equal protection claim, a civil rights plaintiff must allege that the defendant created two or more classifications of similarly situated prisoners that were treated differently, and that the classification had no rational relation to any legitimate governmental objective. See *Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir. 1997), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997).

The plaintiff herein has provided only conclusory allegations concerning his allegations of disparate treatment thus plaintiff has not adequately pleaded an Equal Protection Clause violation. Plaintiff claim of discrimination on the basis of race should be dismissed.

### c. Retaliation

Plaintiff states that he was retaliated against for pursing legal action against the defendants. Prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the Constitution. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). However, as the Fifth Circuit has emphasized, claims of retaliation from prison inmates must "be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions." *Id.* at 1166.

To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. Causation

requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).

Plaintiff's complaints make conclusory allegations in support of his claim. Such allegations of retaliatory motive or intent are not sufficient to evidence a pattern of retaliation or motive for same. Plaintiff's allegations of retaliation are insufficient to state a claim and his claims should be dismissed.

### d. Medical Care

Plaintiff claims that he was denied medical care.

It appears that at the time of filing, plaintiff was a pretrial detainee. As such, his constitutional claims are properly considered under the due process clause of the Fourteenth Amendment. The jurisprudence recognizes "no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001). "When the alleged unconstitutional conduct involves an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights..." *Id*. Deliberate indifference in the context of the failure to provide reasonable medical care means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2)

the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-59 (5th Cir. 2001). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.

The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Woodall, supra.* Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Lynaugh*, 920 F.2d 320, 321(5th Cir. 1992). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather v. Foti,* 958 F.2d 91 (5th Cir. 1992).

Plaintiff has not alleged facts sufficient to establish deliberate indifference and his claims in this regard should be dismissed.

### e. Inadequate Diet

Plaintiff claims that the food he was provided at JDPJ was inadequate and that his health deteriorated as a result.

Deprivation of food constitutes cruel and unusual punishment in violation of the Eighth Amendment if it denies an inmate the "minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59(1981)). Plaintiff's only stated injury resulting from the alleged inadequate diet is a loss of weight. He does not claim that his health was otherwise put at risk. Plaintiff's complaints fail to demonstrate that the meals that he was served were so inadequate as to deny him the minimal civilized measure of life's necessities.

Plaintiff has not alleged facts sufficient to establish a claim for cruel and unusual punishment and his claim should be dismissed.

### f. Sleeping on the Floor

Plaintiff claims that he was required to sleep on the floor for two months. Such allegations only rise to the level of a constitutional violation if plaintiff can demonstrate that the defendants acted with deliberate indifference to his constitutional rights. To state a claim for deliberate indifference in this regard, plaintiff must allege that he was deprived of a basic human need ─ the minimal civilized measure of life's necessities. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59(1981)). Only those deprivations are sufficiently grave to constitute cruel and unusual punishment.

Plaintiff has not shown that the defendants acted with deliberate indifference. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

At most, plaintiff claims he was made uncomfortable for a period of time. He was not deprived of a basic human need and therefore he is not entitled to relief. *Spence v. Morris*, 62 F.3d 392 (5th Cir 1995). His allegations do not rise to the level of a constitutional violation and should be dismissed.

### g. *Exercise*

Plaintiff states that he has been denied adequate opportunity to exercise.

A claim such as this requires a plaintiff to show that he suffered a deprivation of the "minimal civilized measure of life's necessities." *Wilson v. Seiter*, supra. Furthermore, there must be a showing that the defendants acted with deliberate indifference to the prisoner's constitutional rights and that the actions involved an "unnecessary and wanton infliction of pain." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

In addition, pursuant to Section 1983, a plaintiff is required to support his claims with specific facts demonstrating a constitutional deprivation. A plaintiff may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

Plaintiff's allegations concerning this claim were, at best, vague. As such, they failed to comport with the above requirements. Thus, this court ordered him to amend his complaint to give specific facts concerning: (1) the length of time that plaintiff claims he was not allowed to go exercise; (2) the period of time that this alleged denial took place; (3) how often plaintiff was allowed to go outside of his cell; (4) the amount of time that plaintiff spent locked in his cell each day; (5) the size of his cell; (6) the reasons that plaintiff was allowed to go outside of his

cell; (7) where plaintiff was allowed to go when he was taken out of his cell; (8) the injuries that plaintiff claims to have suffered as a result of the alleged action; and, (9) whether, when and to whom plaintiff complained about this denial.

While plaintiff did amend his complaint, he failed to allege facts establishing a violation of his constitutional rights. Specifically, his allegations do not demonstrate that the defendants acted with deliberate indifference or that he was deprived of the minimal civilized measure of life's necessities. As such, his claims in this regard should be dismissed.

### h. Access to Courts

In *Bounds v. Smith*, 430 U.S. 817, 822, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to adequate, effective, and meaningful access to the courts. *See also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997). Before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that the suffered "actual injury" i.e., that the denial of access "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996), 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The actual injury requirement applies even in cases "involving substantial systemic deprivation of access to court," including the "total denial of access to a library," or "[a]n *absolute* deprivation of access to *all* legal materials." *Lewis*, 518 U.S. at 353 n. 4.

Prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. *See Lewis,* 518 U.S., at 356. Furthermore, restrictions on direct access to legal materials may be warranted when prison security is involved. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996).

### 1. Access to Writing and Legal Material

At the time of filing, it appears that plaintiff was a pretrial detainee awaiting trial in the state district court and he claims that he needed access to writing and legal material in order to assist his attorney in defending against pending criminal charges. In *Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir. 1981) the court held that in the absence of extraordinary circumstances, a criminal defendant represented by counsel does not have a constitutional right to file every *pro se* motion he wants to file in addition to his attorney's motions. Further, providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library. *Bounds v. Smith,* 430 U.S. 817, 830-32, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

In sum, plaintiff's access to court claims were satisfied by having counsel to represent him in the pending criminal prosecution. Plaintiff does not adequately plead a claim for denial of access to the courts and this claim should be dismissed..

### 2. Mail

A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts. *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993). However, to state a claim based on delay or interference with the mail, a plaintiff must show actual injury. See *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). In this context, an inmate shows an actual injury by establishing that "his position as a litigant was prejudiced" due to the disputed acts. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993).

Plaintiff's claims do not meet the above standard and should be dismissed.

### i. Malicious Prosecution

Plaintiff was advised in the court's amend order, his claim for malicious prosecution is not cognizable under the Constitution. The Fifth Circuit has held that "'malicious prosecution'

standing alone is no violation of the United States Constitution" and that no "freestanding constitutional right to be free from malicious prosecution exists." *Castellano v. Fragozo*, 352 F.3d 939, 942, 945 (5th Cir. 2004).

Insofar as plaintiff has stated no additional constitutionally recognized basis for this claim it is recommended this claim also be dismissed.

### *j. Personal Property*

Plaintiff also claims that personal property has been seized and discarded of in violation of his due process rights. However, in the amend order plaintiff was notified that the Due Process Clause of the Fourteenth Amendment does not embrace tort law concepts. Plaintiff may be afforded a remedy under state tort law for deprivation of property. See *Parratt v. Taylor*, 451 U.S. 527, 107 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994).

Plaintiff's claim should be dismissed.

### *k. Excessive Force*

Plaintiff's claim of excessive use of force survives review and should be served upon defendant John Kurtz.

### *III. Injunctive Relief*

Plaintiff asks this court to change the venue of his criminal case or to recuse the judge and district attorney. Plaintiff has been released from custody and his request for this relief is now moot.

*Conclusion*

For reasons stated,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED, IN PART, WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

A separate Memorandum Order is issued this date addressing the plaintiff's claim that survives initial review.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 27th day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE