UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **VILLMON BOTLEY, JR.** | **CIVIL ACTION NO. 2:12-cv-1789** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE TRIMBLE** |
| **RICHARD EDWARDS, JR., ET AL** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Villmon Botley, Jr. on June 27, 2012. At the time plaintiff filed this complaint, he was an inmate at the Jefferson Davis Parish Jail in Jennings, Louisiana. Doc. 1. Plaintiff was subsequently transferred to the Jefferson County Jail in Beaumont, Texas. Doc. 8. On December 10, 2012, plaintiff filed a notice of change of address listing an address in Elton, Louisiana. Doc. 10. In an amended complaint filed on April 8, 2013, plaintiff listed his address as "3005 Collins Dr., Apt. 3, Austin, Tx., 78741." Doc. 12, p. 14. This is the last address plaintiff provided to the court.

On January 10, 2014, the court was copied with correspondence from defense counsel addressed to plaintiff wherein it appeared that plaintiff was no longer residing at the address he provided to the court. *See* hyperlink at Doc. 23. On the same date the court issued an order directing plaintiff to "contact the Clerk of Court by telephone or in writing on or before 1/24/2014 to verify [your] contact information." Doc. 23. The court warned that "[f]ailure of plaintiff to respond to this order will result in a Report and Recommendation being entered recommending to the district court that this matter be dismissed for plaintiff's failure to keep the

court apprised of his whereabouts and his failure to prosecute." *Id.* The document was mailed to plaintiff at the last address supplied.

As of this date, plaintiff has not responded to the court order.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order ..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

**the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996.**

THUS DONE AND SIGNED in Chambers this 5th day of February, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE